UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:23-cv-863

BARBARA HUGHES,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff Barbara Hughes ("Plaintiff") files this Complaint against Defendant Allstate Insurance Company ("Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action for breach of contract arising from Defendant's failure to indemnify Plaintiff for losses covered by the contract of flood insurance issued by Defendant to Plaintiff.

### JURISDICTION AND VENUE

2. This is an action for breach of an insurance contract issued pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §4072.

3. Venue is proper in the Middle District of Florida because the property insured by the flood insurance contract at issue is situated in Lee County

## PARTIES

4. Plaintiff Barbara Hughes is over the age of majority, a resident and citizen of the State of Florida, and a resident of Lee County, Florida.

5. Defendant is a corporation licensed to and conducting business in the State of Florida, including but not limited to Lee County, with its principal place of business located in Florida.

## GENERAL ALLEGATIONS

6. Plaintiff and Defendant entered into an insurance contract, bearing Policy Number 004804286511that was in full force and effect at the time of the subject date of loss (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

7. At all times material hereto, the Policy provided coverage for property damage for the property owned by the named insured, and listed in the Policy's Property Coverage Schedule as 201 San Mateo Drive, Bonita Springs, FL 34134 (the "Property.")

8. Plaintiff sustained damage to the Property as result of Hurricane Ian on or about September 28, 2022.

9. Plaintiff promptly and timely provided notice of the loss to Defendant, to which Defendant assigned Claim No.: 0687906586 (the "Claim.")

10. Plaintiff presented Defendant with all information necessary to adjust and pay Plaintiff's claim.

11. Plaintiff allowed Defendant to inspect the Property.

12. Defendant inspected Plaintiff's Property.

13. Defendant failed to indemnify Plaintiff for the Claim as required by the terms and conditions of the Policy.

14. The damage to Plaintiff's Property was caused by flood damage, which is covered under the terms and conditions of the Policy. The losses include extensive damage to Plaintiff's dwelling and its contents.

15. All conditions precedent to bringing this action and to recover under the Policy have been performed by the Plaintiff or have otherwise been waived by Defendant.

## COUNT I - BREACH OF CONTRACT

16. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

17. Plaintiff and Defendant are parties to a contract. See the Policy attached hereto as Exhibit "A."

18. Defendant breached the contract by failing to indemnify Plaintiff for her losses under the Policy.

19. As a direct and proximate cause of the Defendant's breach of contract, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment for damages, including but not limited to property damages, damages to contents, loss of use, and costs and interests allowed by law.

## COUNT II – DECLARATORY JUDGMENT

(AS TO INDEMNIFICATION)

20. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

21. Plaintiff seeks a declaration that Defendant had a duty to provide coverage and indemnification to Plaintiff under the Policy.

22. There is a bona fide, actual, and present practical need for declaration as to the above-quoted provision of the Policy.

23. The declaration concerns a present, ascertained and ascertainable state of facts.

24. An immunity, power, privilege or right of Plaintiff is dependent upon the facts or the law applicable to the facts.

25. Plaintiff and Defendant have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

26. The antagonistic and adverse interest(s) are all before the court by proper process or class representation.

27. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

**WHEREFORE,** Plaintiff seeks a declaration that Defendant was obligated under the Policy to provide coverage and indemnification to Plaintiffs.

### REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable as a matter of right.

Dated: October 16, 2023.

                                      Respectfully Submitted,

                                      **WITES & ROGERS, P.A.**
                                      Attorneys for Plaintiffs
                                      4400 North Federal Highway
                                      Lighthouse Point, FL  33064
                                      Telephone:  954-993-4400
                                      Facsimile:   954-354-0205

                                      By: */s/ Ariel D. Sofro*
                                                Marc A. Wites
                                                Florida Bar No.: 24783
                                                mwites@witeslaw.com
                                                Ariel D. Sofro
                                                Florida Bar No. 37216
                                                asofro@witeslaw.com